# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE M. BLOUNT<br>1621 East Duval Street<br>Philadelphia, PA 19138 | NO. _____ |
| *Plaintiff,* | CIVIL ACTION |
| vs. | JURY TRIAL DEMANDED |
| HOME DEPOT, U.S.A., INC.<br>2539 Castor Avenue<br>Philadelphia, PA 19134 | |
| *Defendant.* | |

## COMPLAINT

Plaintiff, Darlene M. Blount, by and through her undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff, Darlene M. Blount (hereinafter "Plaintiff"), initiates this action to seek redress against the Defendant, her former employer, for unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1981 and other applicable law.

### JURISDICTION and VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The Court may properly maintain personal jurisdiction over the Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

5. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

6. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual residing at the above address.

9. Defendant Home Depot, U.S.A., Inc. ("Defendant") is a business entity existing pursuant to the laws of the State of Delaware with a place of business at the above address.

10. At all times relevant herein, Defendant acted or failed to act through its agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

11. Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

12. Defendant maintains a sufficient number of employees to be subject to the applicable provisions of Pennsylvania Human Relations Act ("PHRA").

## PROCEDURAL and ADMINISTRATIVE REMEDIES

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII as follows:

a) On or about April 28, 2014 Plaintiff filed a timely written charge of discrimination against Defendant (No. 530-2014-02568) with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission alleging discrimination;

b) The EEOC issued and mailed a Notice of Right to Sue on the foregoing charge on or about August 18, 2014;

c) The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

15. Plaintiff has exhausted her federal and state administrative remedies as to the allegations of this Complaint.

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. Plaintiff worked for the Defendant from about June 16, 2001 until February 15, 2014 when she was pre-textually and unlawfully terminated.

18. Plaintiff worked as a Call Center Associate and also worked on the service desk.

19. On or about February 2, 2014, Plaintiff received an anonymous call from a female caller saying she was calling from "corporate".

20. The caller asked for a Head Cashier.

21. Since there were two associates on duty, Plaintiff asked her who she would prefer to speak with and Plaintiff was asked which had the most experience.

22. After a brief verbal exchange, the caller chose to speak to Maria Colon.

23. Plaintiff placed her on line 8 and called Colon directly on ext. 545 to let her know that "corporate" was calling.

24. This was Plaintiff's normal practice as a courtesy to the party being requested.

25. Colon said "OK" and the parties hung up.

26. The call light went out as Colon picked up the call.

27. Shortly thereafter, Colon was made aware the call was not legitimate and the store lost money.

28. Plaintiff was asked to write a statement about the call, which she did.

29. Plaintiff continued her day and ended her shift at 7:00 pm as usual.

30. On or about February 15, 2014, Plaintiff reported to work for her usual 10:00 am-7:00 pm shift.

31. Just before 1:00 pm, Plaintiff received a strange call for Jen, who was Head Cashier.

32. Plaintiff told the female caller that she did not think Jen was in and the caller became indignant.

33. The caller snapped, "what do you mean she's not there? I just talked to her. She just called me from there!"

34. Not sure if she was mistaken, Plaintiff told the caller that although she did not see Jen on the schedule, she would try to page her just in case.

35. While in mid-page, the caller hung up and the call light went out.

36. Just after the strange call around 1:00 pm, Plaintiff was called into the manager's office and pretextually terminated because she did not realize the call on February 2 was fraudulent.

37. Plaintiff was also falsely accused of giving out personal information on the associate.

38. Plaintiff was treated differently than Colon, who is Hispanic.

## COUNT I
## TITLE VII – RACE AND NATIONAL ORIGIN DISCRIMINATION

39. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

40. The foregoing conduct by the Defendant constitutes unlawful discrimination against the Plaintiff on the basis of her race and national origin.

41. As a result of the Defendant's unlawful discrimination, the Plaintiff has suffered damages as set forth herein.

## COUNT II
## RACE DISCRIMINATION– 42 U.S.C. § 1981

42. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

43. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant.

44. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff as a result of her race and thereby deny her the benefits of the contractual relationship she had entered or sought to enter into with Defendant by discriminating and retaliating against her.

45. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

## COUNT III
## RACE AND NATIONAL ORIGIN DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. The actions of Defendant as aforesaid, in harassing and discriminating against Plaintiff based upon her race and national origin also violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 959 *et. seq.*

48. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order providing that:

A.  Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis forbidden by applicable federal and state law.

B.  Defendant is to promulgate and adhere to a policy prohibiting discrimination for violating federal and state law.

C.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for its illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the actions and inactions of Defendant to the extent such damages are available as a matter of law;

E.  Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter it and/or other persons or entities from engaging in such misconduct in the future;

F. Plaintiff is to be accorded all such other legal and/or equitable relief as the Court deems just proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H. Any verdict in favor of Plaintiff is to be judicially molded to provide Plaintiff the maximum financial recovery in light of the damage caps set forth in 42 U.S.C. § 1981a, as mandated by the decision of the Third Circuit Court of Appeals in Gagliardo v. Connaught Laboratories, 311 F.3d 565, 570-71 (3d Cir. 2002);

I. That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

J. Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38(a).

Respectfully submitted,

KOLMAN ELY, P.C.

_____

Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated: November 17, 2014